ANDRE BIROTTÉ JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Office
GREGORY W. STAPLES (155505)
Assistant United States Attorney
    411 West Fourth Street, 8th Floor
    Santa Ana, CA  92701-4599
    Telephone:  (714) 338-3535
    Facsimile:  (714) 338-3564
    E-mail: greg.staples@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA No. 08-150-AG |
| Plaintiff, | ) <u>GOVERNMENT'S SENTENCING</u> |
| v. | ) <u>POSITION; MOTION FOR DOWNWARD</u><br>) <u>DEPARTURE PURSUANT TO U.S.S.G.</u><br>) <u>§ 5K1.1; EXHIBITS</u> |
| JEANNE M. ROWZEE, | ) |
| Defendant. | ) Date: May 21, 2012<br>) Time: 1:30 p.m. |

    The government submits its sentencing position re defendant Jeanne M. Rowzee.

DATED: May 10, 2012        Respectfully submitted,


                                      GREGORY W. STAPLES
                                      Assistant United States Attorney

**I.  INTRODUCTION**

The government does object to the findings in the PSR.  The government generally agrees with the Guidelines calculations in the PSR, with the exception of the loss amount and application of a 2-level adjustment for defendant being a leader/organizer of the offense.  Probation recommends a sentence of 135 months based on a higher loss amount and the role adjustment.  The government recommends a sentence of 70 months based on its stipulated loss amount, no role adjustment, and its motion for a 2-level downward departure pursuant to U.S.S.G. § 5K1.1.  The government agrees with the other recommendations by Probation.

**II.  BACKGROUND**

Defendant was arrested on a complaint in May 2008 and pleaded guilty to a two-count information charging her with conspiracy and securities fraud in violation of 18 U.S.C. § 371 and 15 U.S.C. §§ 78j(b) and 78ff, pursuant to a cooperation plea agreement.  In her plea agreement, defendant stipulated to the following factual basis:

> Since at least 2004, defendant has been involved with James Halstead and Robert Harvey in a scheme to defraud victims by offering phony investments, including investments in Private Investments in Public Entities ("PIPEs").  Defendant, Halstead, and Harvey described PIPEs as short-term bridge loans to companies that were in the process of obtaining equity financing for growth.  Defendant, Halstead, and Harvey told victims their money would be used to fund these short-term loans.  Victims were promised a rate of return of approximately 25% to 35% over a term of approximately three

2

>   to four months. Victims were told that investors had never lost money in their investments. Victims also were told that all money would be used to fund the investments. Victims were told that defendant was an experienced securities attorney and personally performed due diligence on the companies receiving the loans to ensure they were safe investments. Defendant knew these statements were false. Instead of investing the money as promised, defendant, Halstead, and Harvey would use victims' money to make phony investment return payments to other victims, and for their own personal use. In so doing, defendant acted with the intent to defraud. In furtherance of the scheme, on September 18, 2006, defendant caused the wiring of a purported profit payment of $300,000 to victim Thomas P. from her Bank of America Account in California through an account at Bank of New York in New York. As a result of the scheme, more than fifty victims lost more than $7 million.

Indictment ¶ 9.

Halstead was sentenced to 120 months imprisonment and ordered to pay more than $14 million in restitution, jointly and severally with defendant, in United States v. Halstead, SACR 08-237-DOC.[1] Harvey was not charged.

### III. ADVISORY GUIDELINE CALCULATIONS

In the plea agreement, the parties stipulated to the

---

[1] When Halstead was indicted, the government filed a notice of related case indicating that the Halstead case was based on the same conduct and transactions as this case, which had the lower number. United States v. Halstead, SACR 08-237-DOC, docket no. 5. Government counsel does not know why the Halstead case was not transferred to this Court.

3

following Guidelines calculations:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a) |
| Adjustments: | | |
| Loss > $7 million: | 20 | U.S.S.G. § 2B1.1(b)(1)(K) |
| > 50 victims: | 4 | U.S.S.G. § 2B1.1(b)(2)(B) |
| Acceptance of Responsibility: | -3 | U.S.S.G. §3E1.1(b) |

The plea agreement provides that both parties are free to recommend additional adjustments and enhancements. The government recommends a two-level adjustment for abuse of trust pursuant to U.S.S.G. § 3B1.3. (As discussed below, defendant was a lawyer at the time of the offense, and victims relied upon her status as a lawyer in good standing as an important factor in deciding to invest.) Given defendant's criminal history category of I, the resulting total offense level under the government's recommendation is 29, with a sentence range of 87-108 months. However, as noted below, the government moves for a two-level downward departure based on defendant's cooperation with the government. If granted, the total offense level would be 27, with a sentence range to 70-87 months. Pursuant to the plea agreement the government has agreed to recommend a low-end sentence of 70 months.

The Guidelines calculations by Probation are as follows:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a) |
| Adjustments: | | |
| Loss > $20 million: | 20 | U.S.S.G. § 2B1.1(b)(1)(L) |
| > 50 victims: | 4 | U.S.S.G. § 2B1.1(b)(2)(B) |
| Organizer/leader: | 2 | U.S.S.G. § 3B1.1 |

4

|  |  |  |
|---|---|---|
| Abuse of trust | 2 | U.S.S.G. § 3B1.3 |
| Acceptance of Responsibility: | -3 | U.S.S.G. §3E1.1(b) |

The total offense level is 33, with a sentence level of 135 to 168 months.  Probation recommends that defendant be sentenced to a term of 135 months in prison, and pay restitution of $25,544,811.36, of which she is jointly and severally liable with Halstead for $14,525,993.  The smaller restitution amount for Halstead reflects the fact that defendant received more than $6 million of victims' money from Harvey.  PSR ¶ 17.

The government believes the higher loss figure calculated by Probation is based on more complete information provided by victims following the indictment and entry of the plea in this case.  Because the government has stipulated to a lower loss amount in the plea agreement, the government stands by that recommendation because the resulting sentence of 70 months is a reasonable sentence under § 3553.

The government does not believe an adjustment for leader or organizer of the offense if applicable.  The government believes that defendant and Halstead were equal players in the offense.  Halstead solicited victims, defendant provided the assurance that an experienced attorney with experience with the SEC was conducting due diligence on the companies purportedly receiving bridge loans.  Both were involved in the misuse of victims' money.  Neither was directing the conduct of the other.

**IV.  MOTION FOR DOWNWARD DEPARTURE**

Immediately upon her arrest in May 2008, defendant indicated that she wanted to cooperate.  Defendant proffered and provided

5

information explaining the roles she and Halstead played in the offense. The information she provided was corroborated by victim statements and bank records. The government had a strong case against Halstead prior to defendant's proffer. Nonetheless, the government believes defendant's cooperation factored into Halstead's decision to plead guilty.

Defendant has also cooperated with counsel for some victims in a civil suit who was trying to recover assets for his clients. According to counsel, defendant assisted in the recovery of approximately half of the $3.4 million his clients lost. The government is skeptical as to the value of some of the recovered assets, which appear to be shares of stock in small, closely-held entities. Efforts at making restitution are not typically taken into consideration for a downward departure under U.S.S.G. § 5K1.1, which refers to "substantial assistance in the investigation or prosecution of another person who has committed an offense." The background comments note, however, that a court may consider "variable relevant factors" in addition to those listed in the guideline. Defendant's efforts to recover assets merit some consideration and have been factored into the departure recommendation.

The government is recommending a 2-level downward departure. As noted, defendant did provide assistance in the prosecution of Halstead, and did try to recover assets, though that effort was too late. A 2-level reduction would result in a 70-month sentence. As set forth below in the discussion of § 3553 factors, a 70-month sentence is a fair balance between defendant's cooperation and her use of her law license to steal.

**V.  SECTION 3553 FACTORS**

A sentence of 70 months is no greater than necessary to fulfill the goals of 18 U.S.C. § 3553.  As set forth in the PSR at ¶ 21, and in the victim letters attached as Exhibit 1, defendant's fraud has had a devastating impact on her victims.  Some victims have lost life savings or face foreclosure on their homes, and are experiencing psychological or emotional problems as a result of their losses.  Given her cooperation with the government, a 70-month sentence reflects the seriousness of the offense, promotes respect for the law, and provides adequate deterrence.  A 70-month sentence accounts both for defendant's cooperation and her use of her status as a lawyer to lull victims into a false sense of security, which increases the seriousness of the offense.  Defendant is 53 years old and has resigned from the Bar with charges pending.  She also has more than $60 million in judgments against her.  Given her age, a 70-month sentence at this stage of her life will deprive defendant of a significant portion of the prime years remaining in her life.

Finally, a 70-month sentence is consistent with sentences given to other white collar defendants who have caused this amount of loss but have cooperated with the government.  In particular, a 70-month sentence is not disparate from the 10-year sentence Halstead received for the same scheme, given her willingness to cooperate.

**V.  CONCLUSION**

For the foregoing reasons, the government recommends a sentence of 70 months, along with the other recommendations by Probation.